# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CURTIS SCHREIBER, individually )
and on behalf of a class of similarly )
situated, )
)
               Plaintiff, )
)
vs. )   Case No. 09-1336-EFM-DWB
)
BANK OF AMERICA, N.A., )
)
               Defendant. )
)

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Stay of All Proceedings and Incorporated Memorandum in Support Thereof (Doc. 12). Plaintiff has responded in agreement, with certain conditions. (Doc. 16.) Having reviewed the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiff filed the present action on October 29, 2009, as a class action under the Fair Labor Standards Act "to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed in BOA call centers nationwide." (Doc. 1, at ¶ 2.) Facing "at least 12 federal cases pending in eight federal district courts across the country making the same claims and factual allegations," Defendant has

filed a Motion to Transfer under 28 U.S.C. § 1407, "requesting that the pending federal cases be consolidated in and transferred to a single judicial district." (Doc. 12, at 2, 3.)

Defendant brings its Motion to Stay the current litigation pending the ruling of the Multi-district Litigation Panel (MDL Panel) on its MDL application and Motion to Transfer. Defendants urge that this case should be stayed until the MDL Panel has entered an order transferring this case "to a single judicial officer venued in the Central District of California pursuant to multi-district litigation procedures." (*Id*., at 1.) Defendant argues that a stay would serve the interests of efficiency and judicial economy, by "eliminat[ing] unnecessary duplication of litigation" and "the unnecessary consumption of judicial time and energy . . ." (*Id*., at 4.) Defendant also contends that a stay would be beneficial while causing "no discernible prejudice" to Plaintiff. (*Id*., at 5-6.)

Plaintiff is in agreement that the case should be stayed – in exchange for Defendant's agreement "that Plaintiffs may continue to file the consent to join form of any person who desires to opt-in to the litigation." (Doc. 16, at 1.)

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants.'" ***Kittel v. First Union Mortgage Corp.***, 303 F.3d 1193, 1194-95 (10th Cir. 2002) (citing ***Landis v. N. Am. Co.***, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

> A case is not automatically stayed merely because a party has moved the MDL Panel for transfer and consolidation. Indeed, MDL Rule 1.5 provides as follows: 'The pendency of a motion . . . before the Panel concerning transfer . . . of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.'
>
> In deciding whether to grant a stay based on the pendency of a motion to transfer before the MDL Panel, courts typically consider three factors: (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved by avoiding duplicative litigation. The decision to grant or deny a temporary stay of proceedings pending a ruling by the MDL Panel on a motion to transfer lies within the court's discretion.

***Garcia v. Tyson Foods, Inc.***, No. 06-2198-JWL-DJW, 2008 WL 4148596, at *1 (D. Kan. Sept. 3, 2008) (internal citations omitted).

As discussed above, Defendant has advanced several arguments relating to the issues of comity, efficiency, and judicial economy. Further, Plaintiff has not disputed these arguments and has made no showing of undue prejudice should Defendant's motion be granted. To the contrary, Plaintiff is in agreement with the

3

proposed stay given Defendant's agreement that Plaintiff may continue to file the consent to join forms of other opt-in Plaintiffs. (Doc. 16, at 1.) As such, the Court finds that the factors enumerated in *Garcia* weigh in favor of staying the current matter pending the decision of the MDL. Defendant's motion is, therefore, **GRANTED**.[1]

**IT IS THEREFORE ORDERED** that the Defendants' Motion for a Stay of All Proceedings (Doc. 12), is **GRANTED**.

Dated at Wichita, Kansas, on this 15th day of March, 2010.

s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[1] The grant of the motion to stay will not, however, prevent the continued filing of consent forms by any potential opt-in plaintiffs.